2012 WY 30

**BOARD OF PROFESSIONAL RE-SPONSIBILITY, WYOMING STATE BAR, Petitioner,**

v.

**Jack R. VREELAND, Respondent.**

No. D–12–0004.

Supreme Court of Wyoming.

Feb. 29, 2012.

**ORDER OF PUBLIC CENSURE**

[¶ 1] **This matter** came before the Court upon a "Report and Recommendation," filed herein February 16, 2012 by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Jack R. Vreeland should be publicly censured for his conduct, which is described in the attached Report and Recommendation. It is, therefore,

[¶ 2] **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3] **ADJUDGED AND ORDERED** that Jack R. Vreeland shall receive a public censure for his conduct, and he shall be publicly censured in a manner consistent with the recommended censure contained in the Report and Recommendation; and it is further

[¶ 4] **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Mr. Vreeland shall reimburse the Wyoming State Bar the amount of $50.00, representing the administrative costs

incurred in handling this matter, as well as pay the administrative fee of $500.00. Mr. Vreeland shall pay the total amount of $550.00 to the Clerk of the Board of Professional Responsibility on or before March 29, 2012; and it is further

[¶ 5] **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation, as a matter coming regularly before this Court as a public record; and it is further

[¶ 6] **ORDERED** that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 7] **ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon Respondent Jack R. Vreeland.

[¶ 8] **DATED** this 29th day of February, 2012.

**BY THE COURT:**

/s/ Marilyn S. Kite
MARILYN S. KITE
Chief Justice

Attachment

**BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY**

**WYOMING STATE BAR**

**STATE OF WYOMING**

*In the matter of JACK R. VREELAND, WSB No. 5–1475, Respondent.*

*WSB Docket No. 2012–007*

**REPORT AND RECOMMENDATION**

The Board of Professional Responsibility makes the following Report and Recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

**FINDINGS OF FACT**

1. Respondent is a licensed attorney in the State of Wyoming, Bar # 5–1475, and has been licensed to practice in Wyoming since 1976.

2. In 2009 and 2010, Respondent represented a criminal defendant named Varo Ken, who was charged with and convicted of attempted first degree murder and aggravated assault. Following the trial, Respondent filed a motion for judgment of acquittal and for new trial on Mr. Ken's behalf W.R.Cr.P. 29(c) requires motions for judgment of acquittal to be filed within ten days after the verdict is returned. W.R.Cr.P. 33(b) requires motions for new trial to be filed within fifteen days after the verdict. In Mr. Ken's case, Respondent filed those motions on March 3, 2010, believing that both were timely because the district court's written judgment and sentence had been entered on February 23, 2010. However, the verdict in the case was returned February 4, 2010, which meant that both motions were untimely.

3. The district court denied the motion as untimely. On appeal, the Wyoming Supreme Court found that Mr. Ken received ineffective assistance of counsel and remanded the case for a new trial.

4. Respondent agrees and acknowledges that he was negligent in failing to properly apply the time requirements of the relevant rules of criminal procedure, and in failing to file the subject motion within the time requirements of those rules.

5. Respondent agrees that his conduct violated Rules 1.1 and 1.3 of the Wyoming Rules of Professional Conduct.

6. Respondent deeply regrets and has apologized for his mistakes in representing Mr. Ken, and has promised to take steps in his practice to assure compliance with all applicable time requirements in the filing of future motions.

7. Respondent agrees to a public censure in this matter, and consents to the issuance of a press release with the following language:

Evanston attorney Jack R. Vreeland received a formal public censure by order of

the Wyoming Supreme Court _____ on 2012. In the course of representing a criminal defendant, Mr. Vreeland failed to file post-trial motions in a timely manner. That failure led to a finding by the Wyoming Supreme Court that Mr. Vreeland's client had received ineffective assistance of counsel, with the Court ordering a new trial for Mr. Vreeland's client.

The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys. Mr. Vreeland violated Rule 1.1, which requires a lawyer to provide competent representation to a client. Mr. Vreeland also violated Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client.

Mr. Vreeland stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly reprimand Mr. Vreeland. After reviewing the report and recommendation, the Wyoming Supreme Court entered its order publicly censuring Mr. Vreeland and requiring him to pay the costs of the Wyoming State Bar for prosecuting this matter.

## CONCLUSIONS OF LAW

8. Standard 2.5 of the ABA Standards for Imposing Lawyer Sanctions states, "Reprimand, also known as censure or public censure, is a form of public discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice." The commentary to Standard 2.5 discusses the proper circumstances in which to impose a public censure as well as the rationale behind this form of discipline:

Publicity enhances the effect of the discipline and emphasizes the concern of the court with all lawyer misconduct, not only serious ethical violations. A reprimand is appropriate in cases where the lawyer's conduct, although violating ethical standards, is not serious enough to warrant suspension or disbarment. * * * A reprimand serves the useful purpose of identifying lawyers who have violated ethical standards, and, if accompanied by a published opinion, educates members of the bar as to these standards.

9. Standard 3.0 provides, "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:"

(a) the duty violated;

(b) the lawyer's mental state; and

(c) the actual or potential injury caused by the lawyer's misconduct; and

(d) the existence of aggravating or mitigating factors.

10. Misconduct of the sort engaged in by Respondent, which essentially involves violation of a duties owed to a client, is addressed in Section 4.4, "Lack of Diligence." Subsection 4.43 provides, "Reprimand [i.e., public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."

11. Section 9.1 of the ABA Standards for Imposing Lawyer Sanctions provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a. The applicable aggravating factors are:

   i. Section 9.22(d)-multiple offenses. Respondent missed the filling deadline for two separate post-trial motions.

   ii. Section 9.22(i)-substantial experience in the practice of law. Respondent was first admitted to practice in 1974.

b. Applicable mitigating factors are:

   i Section 9.32(a)-absence of prior disciplinary record;

   ii. Section 9.32(b)-absence of dishonest or selfish motive;

   iii. Section 9.32(e)-full and free disclosure to Bar Counsel and cooperative attitude toward proceedings; and

   iv. Section 9.32($l$)-remorse.

## RECOMMENDATION

As an appropriate sanction for his violations of Rules 1.1 and 1.3 of the Wyoming Rules of Professional Conduct, the Board of Professional Responsibility recommends that Respondent: (1) receive a public censure; and (2) be ordered to pay the administrative fee in the amount of $500.00 and administrative costs of $50.00 within ten days of approval of the report and recommendation by the Wyoming Supreme Court.

Dated this *16th* day of February 2012.

/s/ Jenifer E. Scoggin
Jenifer E. Scoggin, *Chair*
Board of Professional Responsibility
Wyoming State Bar